# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

PUGET SOUND REPAIR, INC.,

    Plaintiff,

    v.

JEREMIAH P. HARTMAN, *In Personam*;
M/V RODOLF aka GOLD SHARK, Official
No. 1208828

    Defendants.

IN ADMIRALTY

CASE NO. C19-1532 RSM

ORDER DENYING MOTION FOR WARRANT OF ARREST

This matter is before the Court on Plaintiff's Motion for Warrant of Arrest. Dkt. #3. Finding several errors, the Court denies the motion without prejudice to refiling.

Plaintiff filed this matter on September 24, 2019. Dkt. #1. Pursuant to the applicable federal rules, a complaint for an action in rem must: (a) be verified; (b) describe with reasonable particularity the property that is the subject of the action; and (c) state that the property is within the district or will be within the district while the action is pending." FED. R. CIV. P. SUPP. ADMIRALTY AND MARITIME CLAIMS Rule C(2)(a)–(c).

The Court first notes that the Complaint for Money Due and Owing does not state that the vessel at issue is within the district. The Complaint relies upon the "belief" that the vessel is in the Western District of Washington. Dkt. #1 at ¶ 3. Further, the other allegations of the

ORDER – 1

Complaint make clear that this may not be the case. *Id.* at ¶ 2 (repair "occurred" within the District and contracts "were entered into and fully executed" within the District). Further, the Complaint provides no specific location of the vessel, and nothing makes clear where the Marshal in this District would actually execute the arrest.

The Court next notes that the Complaint does not contain a description of the vessel at issue. *Id.* The Complaint refers to the vessel only as "M/V RODOLF aka GOLD SHARK." The caption of the Complaint provides additional information, identifying the vessel by its official number. *Id.* at 1. Additional information is contained in a Notice of Claim of Lien that is attached to the Complaint and provides both the names, official number, and physical descriptions of the vessel at issue. *Id.* at 5. However, the Complaint does not specifically incorporate the Notice of Claim of Lien.

Lastly, the Court notes that Plaintiff's Complaint purports to be verified by an "Authorized Agent of Plaintiff," Mr. Steve Frago. *Id.* at 4. Mr. Frago does certify, under penalty of perjury, "that the claims made therein were true and correct at the time they were alleged." However, this Court's Local Admiralty Rules require that "[p]leadings and claims to property shall be verified upon oath or solemn affirmation, or in the form provided by 28 U.S.C. § 1746 by the parties, or one of them, and, if a corporate party, by an officer, or by the attorney for said party." LAR 105. The record provides no indication that Mr. Frago is Plaintiff's officer or attorney. Further, to the extent that the Complaint incorporates the Notice of Claim of Lien that is attached, that document is not sworn to by Mr. Frago under penalty of perjury. Dkt. #1 at 5 ("The information stated in this Notice of Claim of Lien is true and correct to the best of the knowledge, information, and belief of Steven Frago, General Manager of Puget Sound Repair, Inc.").

ORDER – 2

These errors are fatal to this Motion. Accordingly, and having reviewed the Motion and the remainder of the record in this matter, the Court finds and ORDERS that Plaintiff's Motion for Warrant of Arrest (Dkt. #3) is DENIED. Nothing in this Order prevents Plaintiff from renewing its motion at a later time.

Dated this 25th day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3